**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO.  10-23606-CIV-JORDAN/MCALILEY**

SECURITIES AND EXCHANGE COMMISSION,         )
                                                                                      )
              Plaintiff,                                                       )
v.                                                                                    )
                                                                                      )
JOHN "BUCKEYE" EPSTEIN,                                     )
STEVEN E. HUMPHRIES,                                          )
EARTHWORKS ENTERTAINMENT, INC., and     )
THE FIGHT ZONE, INC. a/k/a GOLD RECYCLE CORPORATION,   )
                                                                                      )
              Defendants.                                                    )
_____)

**FIRST AMENDED COMPLAINT**

Plaintiff Securities and Exchange Commission alleges as follows:

**I.  INTRODUCTION**

1. From no later than June through August 2009, Defendants John "Buckeye" Epstein, Steven E. Humphries, Earthworks Entertainment, Inc., and The Fight Zone, Inc. engaged in a kickback scheme involving the companies' common stock in violation of the federal securities laws.

2. Epstein and Humphries, officers of both Earthworks and Fight Zone, paid illegal kickbacks to a purported trustee of an employee pension fund so the trustee would purchase 40 million restricted shares of Earthworks and 200 million restricted shares of Fight Zone stock. Unbeknownst to the Defendants, the corrupt fund trustee was actually an undercover FBI agent. The trustee's friend, who helped arrange the deal, was also an undercover agent, and the middleman was actually a witness cooperating with the FBI.

3. Epstein and Humphries attempted to conceal the kickback by entering into a consulting agreement with a phony company the trustee purportedly created solely for the fraud. Unbeknownst to the Defendants, the company was a fiction the FBI created for this sting.

4. Epstein and Humphries created this scheme in an effort to generate the appearance of market interest in their companies, induce public purchases of their stock, and rapidly increase the stock's trading price.

5. As a result of the conduct described in this Amended Complaint, the Defendants violated Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a); and Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b) and 17 C.F.R. §240.10b-5.  Unless restrained and enjoined, they are reasonably likely to continue to violate the securities laws.

6. The Commission respectfully requests that the Court enter: (1) a permanent injunction restraining and enjoining the Defendants from violating the federal securities laws; (2) an order directing the Defendants to disgorge all profits or proceeds they received as a result of the acts and/or courses of conduct complained of, with prejudgment interest; (3) an order directing the Defendants to pay civil money penalties; and (4) an order barring Epstein and Humphries from participating in any offering of penny stock.

## II. DEFENDANTS

### A. Individual Defendants

7. Epstein resides in Addison, Texas.  During the relevant period, he was a purported director and co-CEO of Earthworks.  He was also purportedly co-CEO of Fight Zone.

8. Humphries resides in Plano, Texas.  During the relevant period, he was a purported director and co-CEO of Earthworks.  He was also purportedly co-CEO of Fight Zone.

### B. Corporate Defendants

9. Earthworks is a Delaware corporation with its principal place of business in Addison, Texas. It purports to be a producer and developer of film, video, motion picture and related product development and marketing. Its common stock is quoted on the Pink Sheets under the symbol "EWKS." Until October 2008 when it filed a Form 15 deregistering its stock, Earthworks' stock was registered with the Commission pursuant to Section 12(g) of the Exchange Act.

10. Earthworks' stock is a "penny stock" as defined by the Exchange Act. At all times relevant to this Amended Complaint, the stock's shares traded at less than $5.00 per share. In fact, at all times relevant, the stock traded at under one cent a share.

11. During the same time period, Earthworks' stock did not meet any of the exceptions to penny stock classification pursuant to Section 3(a)(51) and Rule 3a51-1 of the Exchange Act. For example, the company's stock: (1) did not trade on a national securities exchange; (2) was not an "NMS stock," as defined in 17 C.F.R. § 242.242.600(b)(47); (3) did not have net tangible assets (i.e., total assets less intangible assets and liabilities) in excess of $5,000,000; and (4) did not have average revenue of at least $6,000,000 for the last three years. *See* Exchange Act, Rule3a51-1(g).

12. Fight Zone is a Colorado corporation with its principal place of business in Dallas, Texas. It purports to be a gold recycling corporation that buys gold and jewelry from individuals for cash liquidation. Its common stock is traded on the Pink Sheets under the symbol "TFZI." It has never been registered with the Commission in any capacity. On July 22, 2009, it purportedly changed its name to Gold Recycle Corporation.

13. Fight Zone's stock is a "penny stock" as defined by the Exchange Act. At all times relevant to this Amended Complaint, the stock's shares traded at less than $5.00 per share. In fact, at all times relevant, the stock traded at under one cent a share.

14. During the same time period, Fight Zone's stock did not meet any of the exceptions to penny stock classification pursuant to Section 3(a)(51) and Rule 3a51-1 of the Exchange Act. For example, the company's stock: (1) did not trade on a national securities exchange; (2) was not an "NMS stock," as defined in 17 C.F.R. § 242.242.600(b)(47); (3) did not have net tangible assets (i.e., total assets less intangible assets and liabilities) in excess of $5,000,000; and (4) did not have average revenue of at least $6,000,000 for the last three years. *See* Exchange Act, Rule3a51-1(g).

### III. JURISDICTION AND VENUE

15. The Court has jurisdiction over this action pursuant to Sections 20(d) and 22(a) of the Securities Act, 15 U.S.C. §§ 77t(d) and 77v(a), and Sections 21(d) and 27 of the Exchange Act, 15 U.S.C. §§ 78u(d) and 78aa.

16. This Court has personal jurisdiction over the Defendants, and venue is proper in the Southern District of Florida, because many of the Defendants' acts and transactions constituting violations of the Securities Act and the Exchange Act occurred in the District. For example, on July 9, 2009, Epstein and Humphries met with the cooperating witness in Coral Springs, Florida to finalize the scheme. Additionally, on July 20, 2009 and August 6, 2009, they sent kickbacks via express mail to the witness in Coral Springs.

17. The Defendants, directly or indirectly, made use of the means or instruments of transportation or communication in interstate commerce, or of a means or instrumentality of

interstate commerce, or of the mails, in connection with the conduct alleged in this Amended Complaint.

### IV.  THE FRAUDULENT SCHEME

18. In June 2009, Epstein and Humphries actively sought partners for a market manipulation scheme whereby they could falsely generate the appearance of market interest in their companies' stock. That same month, they entered into discussions with the cooperating witness looking for investment entities willing to accept kickbacks in exchange for buying large amounts of stock. The agent posed as a contact for the corrupt trustee of a bogus employee pension fund called Benefits and Pension Group.

19. On July 9, 2009, Epstein and Humphries met with the agent and the cooperating witness in Coral Springs, Florida to plan the market manipulation scheme. During this meeting, Epstein and Humphries indicated they wanted to drive up the price and trading volume of their companies' stock. They also said they were willing to pay a kickback to the trustee in exchange for large stock purchases.

20. The cooperating witness informed Epstein and Humphries the trustee owed a fiduciary duty to the pension fund, and there would be a problem if the Commission discovered the kickback. They agreed the kickback should remain undisclosed and agreed to disguise it by paying it to a fake consulting company, Great Lakes Advisors, LLC. To hide the kickback, Epstein and Humphries, through their companies, agreed to enter into phony consulting agreements with Great Lakes. They understood Great Lakes would not be performing any actual consulting services.

### A. Earthworks Restricted Stock Purchase and Kickback

21. On July 16, 2009, pursuant to a subscription agreement, Earthworks sold 40 million restricted shares of Earthworks stock to the bogus fund. The following day, the FBI wired $20,000 to Earthworks' bank account.

22. On July 20, 2009, Earthworks paid a kickback of $6,000 by issuing a company check to Great Lakes.

23. Two days later, Earthworks issued the stock certificate to the fund.

### B. Fight Zone Restricted Stock Purchase and Kickback

24. Having successfully completed one kickback scheme, Epstein and Humphries wanted to engage in a market manipulation plan for Fight Zone.

25. On July 28, 2009, pursuant to a subscription agreement, Fight Zone sold 200 million restricted shares of its common stock to the fund. The same day, the FBI wired $20,000 to Fight Zone's bank account.

26. On August 5, 2009, Fight Zone, under its new name – Gold Recycle Corporation, paid a kickback of $6,000 by issuing a company check to Great Lakes.

27. On November 7, 2009, the cooperating witness sent an e-mail to the Defendants seeking the stock certificate for the shares. Humphries responded via email the next day and claimed the certificate had been issued to the fund. On November 13, 2009, the witness again e-mailed the defendants informing them that the fund had not received the certificate. Fight Zone never did issue the stock certificate to the phony fund.

## COUNT I

### Fraud In Violation of Section 17(a)(1) of the Securities Act

28.    The Commission realleges and incorporates paragraphs 1 through 27 of its Amended Complaint.

29.    From June through August 2009, the Defendants directly and indirectly, by use of the, means or instruments of transportation or communication in interstate commerce and by use of the mails, in the offer or sale of securities, as described in this Amended Complaint, knowingly, willfully or recklessly employed devices, schemes or artifices to defraud.

30.    By reason of the foregoing, the Defendants, directly and indirectly, violated and, unless enjoined, are reasonably likely to continue to violate, Section 17(a)(l) of the Securities Act, 15 U.S.C. §77q(a).

## COUNT II

### Fraud in Violation of Sections 17(a)(2) and 17(a)(3) of the Securities Act

31.    The Commission realleges and incorporates paragraphs 1 through 27 of its Amended Complaint.

32.    From June through August 2009, the Defendants, directly and indirectly, by use of the means or instruments of transportation or communication in interstate commerce and by the use of the mails, in the offer or sale of securities:

    (a) obtained money or property by means of untrue statements of material facts and omissions to state material facts necessary to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (b) engaged in transactions, practices and courses of business which operated as a fraud or deceit upon purchasers and prospective purchasers of such securities.

33.    By reason of the foregoing, the Defendants, directly and indirectly, have violated and, unless enjoined, are reasonably likely to violate Sections 17(a)(2) and 17(a)(3) of the Securities Act, 15 U.S.C. §§ 77q(a)(2) and 77q(a)(3).

## COUNT III

**Fraud in Violation of Section 10(b) and Rule 10b-5 of the Exchange Act**

34.    The Commission realleges and incorporates paragraphs 1 through 27 of its Amended Complaint.

35.    From June through August 2009, the Defendants, directly and indirectly, by use of the means and instrumentality of interstate commerce, and of the mails in connection with the purchase or sale of securities, knowingly, willfully or recklessly:

    (a) employed devices, schemes or artifices to defraud;

    (b) made untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c) engaged in acts, practices and courses of business which have operated, are now operating and will operate as a fraud upon the purchasers of such securities.

36.    By reason of the foregoing, the Defendants directly or indirectly violated and, unless enjoined, are reasonably likely to continue to violate, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule l0b-5, 17 C.F.R. § 240.

## **RELIEF REQUESTED**

**WHEREFORE**, the Commission respectfully requests that the Court:

### I.

### **Declaratory Relief**

Declare, determine, and find that the Defendants have committed the violations of the federal securities laws alleged in this Amended Complaint.

### II.

### **Permanent Injunctive Relief**

Issue a Permanent Injunction restraining and enjoining the Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, and each of them, from violating Section 17(a) of the Securities Act and Section 10(b) and Rule 10b-5 of the Exchange Act, as indicated above.

### III.

### **Disgorgement**

Issue an Order directing all Defendants to disgorge all ill-gotten gains, including prejudgment interest, resulting from the acts or courses of conduct alleged in this Amended Complaint.

### IV.

### **Penalties**

Issue an Order directing all Defendants to pay civil money penalties pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d); and Section 21(d) of the Exchange Act, 15 U.S.C. § 78(d)(3).

## V.

### **Penny Stock Bar**

Issue an Order barring Epstein and Humphries from participating in any offering of penny stock, pursuant to Section 20(g) of the Securities Act, 15 U.S.C. § 77t(g), and Section 21(d) of the Exchange Act,15 U.S.C. § 78u(d), for the violations alleged in this Amended Complaint.

## VI.

### **Further Relief**

Grant such other and further relief as may be necessary and appropriate.

## VII.

### **Retention of Jurisdiction**

Further, the Commission respectfully requests that the Court retain jurisdiction over this action in order to implement and carry out the terms of all orders and decrees that it may enter, or to entertain any suitable application or motion by the Commission for additional relief within the jurisdiction of this Court.

Respectfully submitted,

November 4, 2010          By:     s/ James M. Carlson

James M. Carlson
Senior Trial Counsel
Florida Bar # A5501534
Telephone: (305) 982-6328
Facsimile: (305) 536-4154
E-mail:  CarlsonJa@sec.gov

Jessica M. Weiner
Senior Counsel
Florida Bar # 0148423
Direct Dial: (305) 982-6395
E-mail:  WeinerJ@sec.gov
Attorneys for Plaintiff


**SECURITIES AND EXCHANGE COMMISISON**
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
Telephone: (305) 982-6300
Facsimile: (305) 536-4154